Kenner *v.* Loyd.

KENNER *v.* LOYD.

(*Knoxville.*    October 23, 1890.)

REDEMPTION OF LAND.    *Ineffectual, when.*

Redemption of land by a judgment creditor who has no lien or levy thereon, is wholly ineffectual when the judgment debtor had conveyed the land by registered deed after the original levy, and prior to the sale under that levy.

FROM HAMBLEN.

Appeal from Chancery Court of Hamblen County. JOHN P. SMITH, Ch.

J. T. & J. K. SHIELDS for Kenner.

JAMES G. ROSE for Loyd.

TURNEY, Ch. J.    On March 11, 1888, Lookout Bank of Morristown obtained judgment against Daniel J. Taylor for $2,105.80. An execution therefrom was levied on a tract of land, and on April 1, 1889, a sale was had, the bank becoming the purchaser.

On March 25, 1889, six days before sale under execution, Taylor sold the land to Kenner, who

agreed to pay off incumbrances in part considera-
tion of the purchase - price.   Kenner went into
possession, and still holds it.

On March 14, 1890, R. B. Loyd, a judgment
creditor of Taylor, redeemed from the bank. Will-
iam Crosby, also a judgment creditor of Taylor,
redeemed from Loyd.

The judgments, except that of the bank, were
before Justices of the Peace.

The bill admits the land is subject to the debt
of the bank.

The bill seeks to remove any cloud upon the
title of Kenner by the redemptions mentioned,
charging that no interest or title was acquired
thereby.

The Chancellor dismissed the bill. This was
error. If at the time of purchase Kenner had
paid off the judgment of the bank, its levy would
have been relieved, and no lien of any sort would
have existed. The Justices' judgments were not
liens. So far as appears, no execution ever had
been issued. If the bank, then, had been paid,
there was nothing to authorize a sale. That levy
was the only incumbrance. It is not now denied,
but is confessed, that the land is subject to the
payment of that debt.

The Justice judgment creditors bear no such
relation to the bank creditor as to be in a con-
dition to work out any equity, or establish through
it any incumbrance on the land.

The bank judgment out of the way, the mat-

ter stands with the outstanding Justices' judgments alone, and we know of no rule of law or equity prohibiting a land-owner to sell until such claims have been paid, or making his sale subject to incumbrances because of them.

The decree is reversed, and decree here granting relief prayed.